UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RACHAEL CALVERT, | ) |
|  Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-00003-TWP-KMB |
| NEW ALBANY MOTOR COMPANY, INC. d/b/a COYLE CHEVROLET, MICHAEL D. COYLE, CHRIS COYLE, | ) ) ) ) ) ) |
|  Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Remand filed under 28 U.S.C. § 1447 by Plaintiff Rachael Calvert ("Calvert") (Filing No. 13). Calvert initiated this action in state court alleging the Defendants New Albany Motor Company, Inc., d/b/a Coyle Chevrolet ("Coyle Chevrolet"), Michael D. Coyle, and Chris Coyle (collectively, "Defendants") "terminated her as a direct result of the hostile work environment and sexual harassment she had undergone at the hands of the Defendants." (Filing No. 1-1 at 10). Defendants removed the case to this Court based on federal question jurisdiction and Calvert contends remand is required. Also before the Court is the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Filing No. 7). For the following reasons, the Court **grants** Calvert's Motion to Remand and **denies as moot** Defendants' Motion to Dismiss.

## I. BACKGROUND

From approximately 2013 to 2021, Calvert was employed by Defendants (Filing No. 13-2 at ¶ 4). Throughout that time, Calvert was a highly successful employee. *Id.* at ¶ 5, 13. In 2018, Calvert and Chris Coyle entered into an intimate relationship. Michael Coyle was aware of the

relationship. *Id.* at ¶¶ 6–8. In 2019, Calvert terminated her relationship with Chris Coyle, but she remained employed at Coyle Chevrolet and continued performing at a high level. *Id.* at ¶¶ 9. In 2020, Coyle Chevrolet hired a new employee, and Calvert subsequently entered into a relationship with that employee. *Id.* at ¶¶ 10–11. Calvert alleges Defendants then subjected her to a hostile work environment. *Id.* at ¶ 11. On November 5, 2021, Defendants terminated Calvert. *Id.* at ¶ 13. Calvert alleges her termination was "a direct result of the hostile work environment and sexual harassment she had undergone at the hands of Defendants." *Id.* at ¶¶ 13–14.

On October 14, 2022, Calvert filed suit in the Clark County Superior Court 6 (Filing No. 1 at 1). On January 11, 2023, Defendants timely removed this action to federal court asserting that "Plaintiff alleges sexual harassment and retaliation. Plaintiff's allegations fall within Title VII of the Civil Rights Act of 1964, which is a law of the United States. Removal is proper under 28 U.S.C. § 1331, and this Court has federal question jurisdiction." *Id.* at 2. A few days later, Defendants moved to dismiss Calvert's Complaint under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 7). On February 20, 2023, Calvert filed a motion seeking to remand this action back to the Clark County Superior Court 6 (Filing No. 13). Both motions are now ripe for the Court's review.

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[1] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

2

such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," and "[e]ach defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal." *Id.* §§ 1446(b)(2)(A), (b)(2)(B).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III.   DISCUSSION

Calvert's two-page Complaint alleges Defendants discriminated against her by subjecting her to sexual harassment and a hostile work environment, and that Defendants discriminated against her by terminating her employment (Filing No. 13-2). She does not reference any specific law, whether state or federal. Defendants contend that Calvert's Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and thus raises federal questions (Filing No. 22 at 1–2). Calvert points out that her Complaint "does not assert Title VII claims and, in fact, does not mention Title VII or any other federal law." (Filing

3

No. 13-1 at 1.) She argues there is no basis for federal question jurisdiction and this case must be remanded to Indiana state court. *Id.* The Court agrees with Calvert.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *McCarty v. Reynolds Metals Co.*, 883 F. Supp. 356, 359 (S.D. Ind. 1995) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see Northeast Ill. Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes*, 212 F.3d 1010, 1014 (7th Cir. 2000) ("Under the well-pleaded complaint rule, it must be clear from the face of the plaintiff's complaint that there is a federal question." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908))). Under the well-pleaded complaint rule, a plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392; *see The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir. 1989), *cert. denied*, 498 U.S. 1011 (1990).

The face of Calvert's Complaint does not mention Title VII or any other federal law. In her Memorandum in Support of Motion to Remand, Calvert affirms "that she is not asserting any federal claims and she does not seek recovery under the federal constitution or any federal statute, regulation, or law" (Filing No. 13-1 at 5).[2] Yet Defendants contend that Calvert's allegations of "sexual harassment" and "hostile work environment" invoke Title VII (Filing No. 13-2 at ¶¶ 11, 13–14). Defendants argue that sexual harassment and hostile work environment claims are not recoverable under Indiana law and are only recoverable under Title VII. Defendants reason that

---

[2] Defendants insist that Calvert's affirmation is an attempt to amend her Complaint through motions practice (Filing No. 21 at 1). It is not. Calvert is merely confirming what is already apparent from the face of her Complaint—she is not relying on federal law.

4

because Calvert's allegations fail to assert a state law claim upon which relief can be granted, she must be asserting a federal claim.

The Court may not consider the merits of a plaintiff's claims in determining whether it has jurisdiction. *See, e.g.*, *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) ("When a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue."). The Court may only consider the allegations in the well-pleaded complaint. Under the "well-pleaded complaint" rule, "[i]t does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim . . . . [n]or does it suffice that the facts alleged in support of an asserted state-law claim *do not support* a state-law claim and would *only* support a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (emphases in original) (Scalia, J., dissenting) (internal citations omitted). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986); *see Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1328 (7th Cir. 1995) ("[I]f the plaintiff chooses to base [her] claim on state law, the defendant cannot obtain federal jurisdiction by showing that the claim *could* have been based on federal law instead, unless it is one of those cases in which federal law has so far occupied the field as to extinguish any remedy under state law for the injury of which the plaintiff complains.").

Because Calvert's Complaint does not cite any federal law or assert any federal claims, it does not invoke federal jurisdiction. Whether Calvert's Complaint fails to adequately plead a state law claim is for an Indiana state court to decide.[3]

Further, to the extent Defendants argue Calvert has "artfully pled" her claims to avoid federal jurisdiction, that argument is unavailing. Under the "artful pleading doctrine," a plaintiff

---

[3] An Indiana state court should also decide whether Calvert has failed to exhaust administrative remedies under the Indiana Civil Rights Act (*see* Filing No. 21).

5

"may not frame [her] action under state law and omit federal questions that are essential to recovery." *Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992). "The artful pleading doctrine allows removal where federal law *completely preempts a plaintiff's state-law claim* . . . [because] 'any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Rivert v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998) (emphasis added) (internal citations omitted) (quoting *Caterpillar*, 482 U.S. at 393). It is well settled that Title VII does not displace state employment discrimination laws. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48–49 (1974); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 407 (7th Cir. 1989); *see also* 42 U.S.C. § 2000e-7 ("Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability . . . provided by any present or future law of any State or political subdivision of a State . . . ."). Calvert is free to choose to pursue her employment discrimination claims under state law, federal law, or both. Calvert chose state law, and as a result, this Court lacks jurisdiction.

If Calvert later decides to amend her Complaint to add a federal claim, then Defendants will have another opportunity to remove this action. 28 U.S.C. § 1446(b)(3). But Defendants have not shown that the Complaint, as currently pled, creates federal jurisdiction. Accordingly, the Motion to Remand is **granted**.

Because the federal court has no jurisdiction over the case, Defendants' motion for dismissal for failure to state a claim, should be decided in the state court. Accordingly, the Motion to Dismiss (Filing No. 7) is **denied** as moot.

### IV.   CONCLUSION

For the reasons stated above, Calvert's Motion to Remand (Filing No. 13) is **GRANTED** and Defendants' Motion to Dismiss (Filing No. 7) **is DENIED as moot.**

**The Clerk is directed to remand** this matter to the Clark County Superior Court 6, Cause No. 10D06-2210-CT-000156, and to **close** this federal action.

**SO ORDERED**.

Date: 4/25/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott Thomas Roby
SCOTT T. ROBY, ATTORNEY AT LAW, PSC
sroby@srobylaw.com

Toni M. Everton
FROST BROWN TODD LLP
teverton@fbtlaw.com

Christopher Glade Johnson
FROST BROWN TODD LLC
cjohnson@fbtlaw.com